UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

KAREN MCMILLAN, individually and on behalf
of all others similarly situated;

Plaintiffs,

-against-

EXPRESS RECOVERY SERVICES, INC.
and JOHN DOES 1-25

Defendants.

---

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, KAREN MCMILLAN (hereinafter, "Plaintiff"), a Georgia resident, brings this Class Action Complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant EXPRESS RECOVERY SERVICES, INC. (hereinafter "Defendant"), and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws .

. . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Georgia consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of Georgia, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant Express Recovery Services, Inc. is a collection agency with its principal office located in Salt Lake City, Utah.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant Express Recovery Services, Inc. is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

    - Plaintiff class consists of (a) all individuals with addresses in the State of Georgia (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt (d) without identifying the name of the creditor to whom the debt is owed; and/or (e) states "avoid future interest charges by paying your account in full"; and/or (f) attempts to charge a $5.95 convenience fee (g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants

and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

15. Excluded from the Plaintiff class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

18. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

- (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

- (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

- (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

- (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to June 14, 2016, an obligation was allegedly incurred to Optimal Readings Prof Srvcs.

24. The Optimal Readings obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged Optimal Readings obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Optimal Readings is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Optimal Readings or the subsequent owner of the debt directly or through an intermediary contracted the Defendants to collect the alleged debt.

28. Defendants collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. On or about June 14, 2016, Defendants sent the Plaintiff a collection letter ("Letter")

regarding the alleged debt. *See* **Exhibit A.**

30. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to this alleged debt.

31. Plaintiff received the letter and read it.

32. The Letter states in part:

    "Re: Optimal Readings Prof Srvcs"

33. Upon reading the Letter the Plaintiff, as would the least sophisticated debtor, was left unsure for whom the Defendant was attempting to collect the debt.

34. Pursuant to 15 U.S.C. §1692g, a debt collector must provide the name of the creditor to whom the debt is owed.

35. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

36. The Letter further states:

    "*Avoid future interest charges by paying your account in full."

37. Upon information and belief, there was no interest accruing on the account, nor did the Defendant have any legal right to collect interest.

38. Pursuant to 15 U.S.C. §1692e, a debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. The reverse side of the letter states in part:

    "A $5.95 convenience fee may be charged for automatic payment plans, payments by phone or online payments."

40. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means

to collect or attempt to collect a debt.

41. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

42. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

43. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated said section by:

- Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

- Making a false and misleading representation in violation of §1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

51. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

52. Defendants violated said section by attempting to charge a convenience fee that they were not authorized or legally permitted to charge.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(g).

56. Pursuant to 15 USC §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

57. The Defendant violated section 1692g(a)(2) by failing to clearly and concisely identify the current creditor.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 2, 2017

/s/ *Misty Oaks Paxton*
Attorney Bar No.: GA 127089
Attorney for *Plaintiff*
The Oaks Firm
3515 Charleston Ct
Decatur, GA 30034
Telephone: 404-725-5697
Email: attyoaks@yahoo.com

**TO FILE PRO HAC VICE APPLICATION**
/s/ *Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Yzelman@marcuszelman.com
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 2, 2017

/s/ *Yitzchak Zelman*
Yitzchak Zelman, Esq.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 2, 2017         */s/ Yitzchak Zelman*
                            Yitzchak Zelman, Esq.