# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAREN MCMILLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPRESS RECOVERY SERVICES, INC.,<br><br>Defendant. | Case No.: 1:17-cv-02096-SCJ-LTW<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DENY PLAINTIFF'S CLASS CERTIFICATION |

Defendant Express Recovery Services, Inc., ("Defendant"), by and through its undersigned counsel, and for its Memorandum in Support of Its Motion to Deny Plaintiff's Class Certification, states as follows:

## Argument

LR 23.1 B provides a plaintiff in a proposed class action **shall** within 90 days from the filing of a complaint to move for a determination under Fed.R.Civ.P. 23(c)(1) as to whether the suit may be maintained as a class action. *See* LR 23.1 B (emphasis added). Plaintiff filed this case on June 7, 2017. *See* Doc. No. 1. Under LR 23.1 B, Plaintiff's motion for certification was due on September 5, 2017. As of September 5, 2017, Plaintiff had not filed her Initial Disclosures and had not served discovery despite discovery beginning back in August 2017. Plaintiff has not sought any extension and cannot show any good cause for this delay. Plaintiff just recently served discovery and thus the necessity of this Motion. This is a case about **one**

letter. *See* Plaintiffs' Complaint. There is no excuse for not timely moving for class certification as required by LR 23.1 B.

Rule 23 has limited case law to help determine whether an extension should be granted to file a motion for class certification. However, the United States District Court, N.D. Georgia, Atlanta Division has reaffirmed the deadlines set in the Local Rules. *See Mullinax v. United Marketing Group, LLC*, Civil Action 1:10-cv-03585-JEC (plaintiff has 90 days to file a motion to certify class absent a pending motion to dismiss).

It is undisputed that the decision rests with the trial court. While a court's decision concerning class certification is usually initiated by a motion by a party, a court need not wait for a motion and may deny class certification sua sponte. *See McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558-59 (5th Cir. 1981) ("The trial court has an independent obligation to decide whether an action was properly brought as a class action, even where neither party moves for a ruling on class certification."); *see also Escoe v. State Farm Fire and Casualty Co.*, Civil Action 01-1123, 2007 WL 2903048 (E.D. La. Sept. 27, 2007)(class certification filed untimely without a timely motion for extension is denied).

Louisiana has a similar local rule to Georgia. *See* Louisiana Local Rule 23.1 ("Local Rule 23.1(B) further requires that "[w]ithin 91 days after filing of a complaint in a class action... plaintiff must move for class certification under FRCP 23(c)(1), unless this period is extended upon motion for good cause and order by the court."). The United States District Court for the District of Louisiana has insisted plaintiffs follow the local rules and timely move to certify class actions. *See EN Nabut v. Dascents, LLC*, Civil Action 11-2762 (E.D. La. 2012)("This Court

finds that Plaintiff has failed to comply with the procedural requirements for maintaining a class action under LR 23.1(B). Plaintiff filed his Complaint on November 15, 2011. His ninety-one day window for moving for class certification under LR 23.1(B) expired in February of 2012. Plaintiff has had eight months to move for class certification, yet has failed to do so. Plaintiff has given no explanation, let alone shown good cause, as to why he has not yet provided a proposed class definition or moved for class certification.")

Courts have routinely dismissed class claims for failing to timely file a motion to certify or motion for extension of time. *See, e.g., McGuire v. Gulf Stream Coach, Inc.*, No. 06-5659, 2007 WL 1198935, at *1 (E.D. La. April 20, 2007); *Lauer v. Chamale Cove*, No. 06-1423, 2007 WL 203974, at *1 (E.D. La. Jan. 24, 2007); *Cassidy v. Ford Motor Co.*, Civil Action 15-2483 (E.D. La. May 25, 2016)(class allegations dismissed when motion for certification is not timely filed). The courts require plaintiffs either to file for class certification or file motions to extend the deadline within 91 days. *Restreppo v. Al-Mona, Inc.*, 2012 WL 1941926, at *1-2 (E.D. la. May 29, 2012). "Plaintiff should have filed his Motion for Extension of Time by July 8, 2015, regardless of the difficulties he faced in filing for class certification. Plaintiff failed to show good cause and due diligence. Nothing precluded Plaintiff from filing the motion for extension before the deadline. Because the motion was untimely, it is denied. Accordingly, Plaintiff's claims for class relief are dismissed." *Lowery v. Divorce Source, Inc.*, Civil Action 15-1120 (E.D. La. September 11, 2015)' *see also Nguyen v. Louisiana State Board of Cosmetology*, Civil Action 14-00080-BAJ-RLB (M.D. La. February 11, 2015)(class action not certified when not brought within the ninety days of filing of complaint).

McMillan v. ERS
Memorandum in Support of Defendant's Motion to Strike Plaintiff's Class Certification
Page **3** of **4**

WHEREFORE, for the reasons stated within this Memorandum in Support, Defendant respectfully prays that Plaintiff's Class Certification be denied, and further relief as this Court deems just and proper.

DATED this 31st day of October, 2017.

Patricia Jo Stone, P.C.

By: /s/ Joseph J. Lico
Joseph J. Lico
Patricia Jo Stone, P.C.
19751 E. Mainstreet, Suite 200
Parker, CO 80138
Joseph@patriciajostone.com
(303) 805-7080 (phone)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Memorandum in Support of Defendant's Motion to Strike Plaintiff's Class Certification with the Clerk of the Court using the CM/ECF system which will send notification of such filing by e-mail to the following:

Misty Oaks Paxton
attyoaks@yahoo.com

Yitzchak Zelman
Yzelman@marcuszelman.com

By: /s/ Joseph J. Lico
Joseph J. Lico